Judge Owsley
delivered the opinion of the court.
Turner, as assignee, brought this action on a promisory note executed; by Turner to Eli Shortridge.
The defendant filed two pleas, to the first of Which the *496 plaintiff demurred, and replied to the second—the defendant joined in demurrer to the first plea, and demurred to the replication to the second.
If a demurrer is decided in the court below against the demurrant, who thereupon withdraws the demurrer & pleads over, he can not assign error in the judgment below on the demurrer.
Though a consideration of some sort as indispensable to the validity of a note yet such consideration need not passes from obligee to obligor, if it passes at all, tho’ from a stranger, it imparts valilidity to the note.
The court sustained the demurrer to the first plea, and overruled the demurrer to the replication.
The defendant then appealed to the court for leave to withdraw his joinder in demurrer to the first plea, and tendered an amendment to that plea; but the court being of opinion that the plea amended was insufficient, refused to permit the amendment. The defendant also obtained leave from the court, and withdrew his demurrer to the replication to the second plea, and filed a joinder.
The issue thus made up, was tried by a jury, and verdict found for the plaintiff, and from the judgment rendered on that verdict, the defendant, Farrow, appealed to this court.
Farrow has assigned for error, that the court erred—
1. In sustaining the demurrer to the first plea.
2. In refusing to permit the amendment offered to that plea.
3. In overruling the defendant’s demurrer to the replication to the second plea.
From the preceding statement, it will readily be perceived, that an examination into the validity of the replication to the second plea, would be improper in this court. By withdrawing his demurrer, the defendant waived all objections to the decision of the court on the demurrer to that replication, and he cannot be allowed in this court, again to question the correctness of that decision.
It is obvious, therefore, that the third assignment of error cannot avail the appellant.
In deciding on the first assignment of error, it is proper to examine the validity of the first plea—It is as follows: “the defendant comes, &c. and says the plaintiff, his action ought not to have and maintain, because he says that the said note was merely voluntary, and was made by said defendant to Eli Shortridge, without any consideration, moving from the said Eli to the said defendant; &c.
It is apparent from this plea that it contains no defence, unless it is essential to the validity of the note, that some consideration should have moved from Shortridge to the defendant. We, know of no principle of law that requires such a consideration. A valuable consideration of some sort, it will be conceded, is, under the statute of this country, essential to the validity of a note; but if it be a con *497 sideration of value, it is totally immaterial from whom it moves—whether it be from obligee or from any other person, it carries with it the same legal operation, and communicates to the note the same validity. It results, therefore, that the demurrer to the first plea was properly sustained.
Pope for appellant, Bibb for appellee.
And with respect to the amendment offered to the plea, it need only be remarked, that although expressed in different language, it imports substantially the same defence as that contained in the first plea; and consequently, if we are correct in supposing the court decided correctly in sustaining the demurrer to that plea, it cannot have erred in rejecting the amendment.
The judgment must be affirmed with, cost and damages.